**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**NICHOLAS BERNAL,**
        **Petitioner,**

v.                                            **Civil Action No. 3:19-CV-51
(GROH)**

**CHRISTOPHER GOMEZ, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 10, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate who was previously housed[1] at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Kentucky. Respondent filed a motion to dismiss on December 18, 2019, and Petitioner filed a response on February 18, 2020. ECF Nos. 16, 22.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] According to a notice of change of address form filed by Petitioner [ECF No. 5] and the Bureau of Prisons Inmate Locator page, Petitioner is now held at Terre Haute FCI, in Terre Haute, Indiana. https://www.bop.gov/inmateloc/

1

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A.   Conviction and Sentence

On July 10, 2013, a grand jury in the Western District of Michigan, case number 1:12-CR-132, issued a fourth superseding indictment naming the Petitioner in two Counts.[3] In Count 1, Petitioner was charged with racketeering and other crimes and that he was the leader of the East-Side "Holland Latin Kings", whose members and associates engaged in acts involving murder, arson, assault, witness tampering, obstruction of justice, drug trafficking, weapons trafficking, and other crimes, in violation of 18 U.S.C. § 1962(d).  Petitioner was charged in Count 15 with conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B0(vii).  ECF No. 480 at 4, 9, 56.  On November 15, 2013, a plea agreement was filed with the court whereby Petitioner agreed to plead guilty to Counts 1 and 15 of the fourth superseding indictment. ECF No. 773.  Petitioner entered his plea on November 25, 2013.  ECF Nos. 787, 819, 1054.  Petitioner was sentenced on June 20, 2014, to 228 months of imprisonment as to each of Counts 1 and 15, with those sentences to be served concurrently with one another.  ECF Nos. 1211, 1300.

On November 12, 2014, Petitioner filed a motion to reduce sentence under United States Sentencing Guideline Amendment 782.  ECF No. 1387.  On February 26, 2016, the District Court granted Petitioner's motion to reduce sentence, and reduced

---

[2] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 1:12-CR-132, in the Western District of Michigan, Southern Division.

[3] Petitioner was charged in other counts of the indictment, but these are the only two counts to which he entered a plea of guilty.

2

Petitioner's sentence from 228 month to 210 months  ECF Nos. 1646, 1647.

### B. Direct Appeal

A review of the docket and PACER shows that Petitioner did not directly appeal his conviction.

### C. Post-Conviction Relief: Motion to Vacate Under 28 U.S.C. § 2255

A review of the docket and PACER shows that Petitioner did not file a motion to vacate his conviction.

### D.     Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on April 10, 2019, states two grounds for relief: (1) that Petitioner's sentence was improperly enhanced under his racketeering charge which did not qualify as a crime of violence; and (2) that Petitioner's sentence was improperly enhanced based on a prior juvenile conviction.  ECF No. 1 at 5, 6.  For relief, Petitioner requests his sentence be vacated and he be resentenced without enhancement.  Id. at 8.

In his memorandum supporting his petition, Petitioner asserts that he meets the Wheeler test for relief under § 2241, and further, that he is entitled to relief under the First Step Act, and the holding of Sessions v. Dimaya, 138 S.Ct. 1204 (2018).  ECF No. 1-1 at 4 – 6, 7.  Additionally, Petitioner requests that counsel be assigned to represent him.  Id. at 6.

### III.    LEGAL STANDARDS

### A.     Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

3

and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>  power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In both grounds for relief articulated in the petition, Petitioner claims his sentence is invalid because it was improperly enhanced under the United States Sentencing Guidelines. ECF Nos. 1 at 5 – 6, 1-1 at 6. Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241

7

relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly discovered evidence or a new rule[7] of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test to challenge his sentence for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Notwithstanding Petitioner's failure to file an appeal or a § 2255 motion, Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Dimaya, has not been ruled to apply retroactively to cases on collateral review. Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the other prongs of Wheeler. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, as to his claim pursuant to Dimaya, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

Petitioner further claims that the First Step Act of 2018 invalidates his reduced sentence imposed in 2016. ECF No. 1 at 5 – 6. To the extent that Petitioner again relies on United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), to seek relief under the savings clause of 28 U.S.C. § 2255(e), his request is without merit. In order for Petitioner

---

[7] Petitioner asserts that Dimaya supports his claims. However, the holding of Dimaya is that the phrase "crime of violence" was unconstitutionally vague in the Immigration and Nationality Act's definition of aggravated felony.

8

to successfully challenge his sentence and obtain relief under § 2241 pursuant to the First Step Act, he must satisfy all four prongs of the Wheeler test. However, Petitioner fails to meet the second prong of the Wheeler test, which prong has two clauses. First, the substantive law must change, and second, that change must be deemed to apply retroactively on collateral review. Petitioner alleges that the substantive law has changed through the First Step Act. However, even assuming the accuracy of his assertion, he cannot demonstrate that the change in the law is deemed to apply retroactively on collateral review. Indeed, § 403 of the First Step Act applies only prospectively, not retrospectively:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. The First Step Act was enacted in 2018. Petitioner was sentenced four years previously in 2014 and reduced in 2016. Because Petitioner's sentence had already been imposed as of the date of enactment of the First Step Act, Petitioner is not entitled to relief under the Act, which is prospective only. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test, which requires that any change in the law be made retroactive to cases on collateral review.

Because Petitioner cannot satisfy one prong of the mandatory four-part Wheeler test, it is unnecessary for this Court to consider the other three prongs.

In summary, Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler because he fails to meet the second prong of the Wheeler test for either of his claims of relief. Accordingly, this Court lacks jurisdiction to consider a challenge to his

9

sentence under § 2241. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 31, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE